THE HAWKEYE STATE SAVINGS AND LOAN ASSOCIATION v.
O. P. JOHNSTON, *et al.,* Appellants.

**Usury:** BUILDING ASSOCIATION. A loan by a building and loan association to one of its members, made while Code, 1873, section 1185, authorizing such associations to collect from their members such premiums bid for the right of priority in taking loans as its by-laws might adopt was in force, is not usurious, because the contract provides for the payment of premiums which were bid for the loan by the secretary under the authority of the borrower.

SAME. In the absence of evidence to the contrary, a stipulation in a mortgage to a building and loan association requiring the borrower to pay a premium will be presumed to have been made under a bid to enable him to obtain a right of precedence in taking the loan as authorized by the Code, rather than a device to cover up a usurious transaction, where the borrower in his application, authorized the secretary of the association to bid such a premium that he might have such precedence.

FORECLOSURE. A building and loan association may recover the interest, premium and dues maturing after the commencement of and before judgment in a suit to foreclose a mortgage and to cancel shares of stock pledged as collateral security, under acts Twenty-sixth General Assembly, chapter 85, section 9, providing

that in cases of foreclosure the borrower member shall be charged with the full amount of the loan made to him, together with the dues, interest, premium and fines for which he is delinquent, and shall be credited with the same value of his pledged shares as if he had voluntarily withdrawn the same.

*Appeal from Marion District Court.*—HON. J. D. GAMBLE, Judge.

SATURDAY, OCTOBER 8, 1898.

SUIT in equity to foreclose a mortgage and to cancel certain shares of stock held by defendants in the plaintiff association. Defense, usury and certain payments which were not credited upon the notes. Decree for plaintiff, and defendants appeal.—*Affirmed.*

*G. W. Crozier* and *S. C. Johnston* for appellants.

*J. E. Mershon* and *L. N. Hays* for appellee.

DEEMER, C. J.—Appellee is a building and loan association, organized in the year 1894, under the then existing laws. Appellant became a member of the association, and in the year 1895 borrowed the sum of one thousand two hundred dollars, agreeing to pay twenty dollars and forty cents per month until the installments so paid, together with the profits on twelve shares of stock, should equal the aggregate par value of said stock. This monthly payment was made up of seven dollars and twenty cents, the monthly installment on the stock; six dollars, as interest; and seven dollars and twenty cents, as premium bid for the loan. After making nine payments, appellant defaulted, and in November, 1896, this suit was brought. Afterwards, and on the first day of March, 1897, appellee filed a supplemental petition, asking that it recover three more of the monthly installments. Appellant denies that he received the full sum of one thousand two hundred dollars, pleads usury, and, further, asks credit for the sum of two hundred and twenty-five dollars paid by him.

While Johnston received but one thousand one hundred and sixty-two dollars and sixty cents at the time he made the loan, yet is clearly appears that the difference between this sum and the amount of his notes was applied upon the payment of an indebtedness he was then owing the association, and of expenses incurred in perfecting the papers incident to the loan. None of it was retained for use of the money borrowed, and it was not withheld for the purpose of avoiding the statute with reference to usury. Before securing the money, appellant signed an application in which he stated that he agreed to pay a premium of sixty cents per share upon his twelve shares of stock, which premium he authorized the secretary of the association to bid in his name for priority of loan. Whether any bid was actually made does not appear, but it is conceded that he agreed to pay seven dollars and twenty cents per month as premium. This, it is contended, rendered the loan usurious, for it also appears that he agreed to pay six per cent. interest on the total amount received. When the loan was made, the law provided (Code 1873, section 1185) that such an association might levy, assess, and collect from its members such sums of money, in premiums bid by its members for the right of precedence in taking loans, as the corporation, by its by-laws, might adopt; and the premiums so paid by its members in addition to the legal rate of interest on loans so taken by them should not be construed to make the loans so taken usurious. The by-laws of this association provided for the payment of a premium bid for priority of loan not exceeding sixty cents per month on each share of stock borrowed upon, and obligated the borrower to pay six per cent. interest and the premium bid, in addition to the regular monthly payment of dues. As the association was authorized by its by-laws, and by the statute before referred to, to receive premiums bid by its members for the right of precedence in taking loans, the contract was not usurious, unless it appears that there was in fact no bid, and that the premium paid was merely a device

to cover a usurious transaction. The burden is upon the appellant to establish the usurious character of the loan; that is to say, he must show that there was in fact no bidding for right of precedence, and that what was done was a scheme to disguise the real transaction. This he has failed to do. He authorized the secretary to make a certain bid for priority, and, in the absence of evidence to the contrary, it will be presumed that the bid was made and the money obtained thereby. If this be the true nature of the transaction, the contract is not usurious, for no interest was charged upon the premium. See *Association v. Heider,* 55 Iowa, 429.

Again, it is said the court was in error in allowing appellee to recover the interest, premium, and dues maturing after the commencement of the suit, and before judgment. Section 9, chapter 85, Acts Twenty-sixth General Assembly, provides that in case of foreclosure the borrower shall be charged with the full amount of the loan made to him, together with the dues, interest, premium, and fines for which he is delinquent, and shall be credited with the same value of his pledged shares as if he had voluntarily withdrawn the same. The computation made by the trial court was in accord with the terms of this statute, and, while it may be true that appellant paid more than eight per cent. for the use of the money, it was exacted in strict accordance with the law. The legislature has in its wisdom given building and loan associations greater rights than those possessed by individuals, and its judgment and discretion in such matters cannot be questioned by the courts. Without reference to this statute, we think the computation was made in strict accord with the terms of the contract and of the law. Appellant does not claim that recovery should be limited by the last clause of section 1898 of the Code; hence that question is not considered.—AFFIRMED.